UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ROSA GOTCH** | **CASE NO. 2:22-CV-00770** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **LOWES HOME CENTERS L L C** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (Doc. 6) filed by Defendant, Lowe's Home Centers, LLC, ("Lowe's") who moves to dismiss Plaintiff's Complaint. Lowe's argues that the ramp that Gotch tripped and fell on was an open and obvious condition and thus exonerates it from liability.

## STATEMENT OF FACTS

On September 4, 2020, Plaintiff, Rosa Gotch, was in the Lowe's store when she tripped and fell. On the day of the accident, a plywood ramp was constructed over a set of electrical wires in the main isle in the front of the store. When Gotch attempted to walk over the ramp, she tripped on it and fell to the floor. Prior to the fall, Gotch admitted she saw the ramp and other patrons walking over it.[1] Gotch also admitted there was nothing blocking her view.[2]

---

[1] Defendant's exhibit B, Rosa Gotch deposition, p. 72.
[2] *Id.* p. 83.

## S<small>UMMARY</small> J<small>UDGMENT</small> S<small>TANDARD</small>

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." F<small>ED</small>. R. C<small>IV</small>. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

Lowe's maintains that because the ramp, which caused the fall was an open and obvious condition, coupled with the fact that Gotch testified that she saw the ramp, it cannot be held liable under the Louisiana Merchant Liability Statute.

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *E.g.*, *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). In Louisiana, claims against merchants based on falls on the premises are governed by the Louisiana Merchant Liability Act ("LMLA"), Louisiana Revised Statute § 9:2800.6. To prevail, a plaintiff must prove the following (in addition to all other elements of his claim): (1) a condition on the premises presented an unreasonable risk of harm; (2) this harm was reasonably foreseeable; (3) the merchant either created or had actual or constructive notice of the condition; and (4) the merchant failed to exercise reasonable care. La. Rev. Stat. § 9:2800.6(B); *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997).

Louisiana courts have consistently recognized that not every condition which poses a risk of someone falling renders a merchant liable. *Pitre v. Louisiana Tech Univ.*, 673 So.2d 585 (La. 1996); *See also Durmon v. Billings*, 873 So.2d 872 (La.App. 2 Cir. 5/12/04); *Hayes v. Entergy Corp.*, 850 So.2d 916 (La.App. 2 Cir. 5/25/03); *Primrose v. Wal-Mart Stores, Inc.,* 127 So.3d 13, 16 (La.App.2d Cir. 2013); La. Rev. Stat.Ann. § 9:2800.6(B). If

the ramp was an open obvious condition, summary judgment is appropriate because it did not present an unreasonable risk of harm. *See Upton v. Rouse's Enter., LLC*, 186 So.3d 1195, 1199, (La. 5th Cir. 2/24/16) *writ denied,* 191 So.3d 1057 (La.5/13/16); *Glenn v. Family Dollar Stores of Louisiana, Inc.*, 2018 WL 526004 (W.D. La. 2018). Louisiana courts reason that there is no unreasonable risk of harm when a plaintiff fails to notice an open and obvious condition. *Id.*

Plaintiff maintains that whether or not the ramp was "open and obvious" must be determined on a factual basis, which precludes summary judgment. "While a defendant only has a duty to protect against unreasonable risks that are not obvious or apparent, the fact-finder, employing a risk-utility balancing test, determines which risks are unreasonable and whether those risks pose an open and obvious hazard." *Broussard v. State through Office of State Bldg.*, 113 So.3d 175, 185 (La. 4/15/13).

Plaintiff relies on *Lester v. Valero Refining – Mereaux, LLC,* 2015 WL 729703 (E.D. La. Feb. 19, 2015), which involved a trip and fall over a thin valve measuring 2-3 inches in size, and *Broussard, supra*, involved an 1 ½-3 inch offset from an elevator. Here, the ramp is a much larger object which is clearly visible to all approaching and walking over it. In *Upton, supra,* wherein the court found that a pallet was open and obvious relying on photographic evidence, and in *Glenn, supra,* the court found that a sales rack in an aisle was open and obvious. Both courts granted summary judgment.

The Court has reviewed the evidence including the same video submitted by both parties and finds that the undisputed facts show that the plywood ramp, which was placed

across the entire walkway of the main aisle, was obvious to all, thus the condition may not be unreasonably dangerous. As such, Lowe's owed no duty to plaintiff.

## CONCLUSION

For the reasons stated herein, the Motion for Summary Judgment filed by Lowe's will be granted dismissing with prejudice, Plaintiff's complaint.

**THUS DONE AND SIGNED** in Chambers this 23rd day of August, 2022.

*[signature]*
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE